UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     :
UNITED STATES OF AMERICA             :        ORDER
                                     :
          - v. -                     :        19 Cr. 169 (VM)
                                     :
PEDRO HERNANDEZ,                     :
                                     :
                      Defendant.     :
                                     :
-------------------------------------X

VICTOR MARRERO, U.S.D.J.

     Upon the application of defendant Pedro Hernandez, pursuant
to 18 U.S.C. § 3142(i) for temporary release from custody during
the current COVID-19 pandemic (Dkt. Nos. 160 and 161), and the
Government's consent based on the terms and conditions set forth
herein, IT IS HEREBY ORDERED:

     1.   The Court's decision in this case is based on, among
other things, the unique confluence of serious health issues and
other risk factors facing this defendant, including the
defendant's age (64 years old), asthma, and high blood pressure,
which place him at a substantially heightened risk of dangerous
complications should he contract COVID-19 as compared to most other
individuals. Accordingly, this Order should not be construed as a
determination by this Court that pretrial detention is unsafe or
otherwise inappropriate as a general matter or in any other
specific case.

1

2.    Pursuant to 18 U.S.C. § 3142(i), the Court concludes that compelling reasons exist for temporary release of the defendant from custody during the current public health crisis. Accordingly, the defendant's application is GRANTED pursuant to the following conditions:

3.    The Clerk of Court is directed to prepare a personal recognizance bond with the following conditions of release:

a.    A personal recognizance bond in the amount of $50,000, to be signed by the defendant;

b.    All mandatory conditions of release included in this Court's standard "Order Setting Conditions of Release" form;

c.    Home incarceration at a homeless shelter designated by the New York City Department of Homeless Services, with monitoring by means chosen at the discretion of Pretrial Services. The defendant shall be on 24-hour lockdown in the shelter except for emergency medical visits and visits with his attorneys. Any other leave from the shelter must be approved by either the Pretrial Services officer or by the Court on application from defense counsel.

d.    Pretrial Services supervision as directed by the Pretrial Services Office;

e.    Surrender all passports and other travel documents and make no applications for new or replacement documents;

f.   Drug testing and treatment as directed by the Pretrial Services Office;

g.   The defendant shall not possess a firearm, destructive device, or other weapon;

h.   The defendant shall not use or possess any narcotic drug or controlled substance unless prescribed by a licensed medical practitioner;

i.   The defendant shall have no contact whatsoever with any of his codefendants charged in Docket Number 19 Mag. 118 or 19 Cr. 169, including Angela Bosquez, Manolo Dones, Luis Garcia, Joanna Martinez, Alberto Pellot, and Edward Torres;

j.   The defendant shall be released upon the signature of the defendant on the bond and upon the Pretrial Services Office's installation of the monitoring technology that it selects; and,

k.   Upon the defendant's release, the defendant must report directly to the intake unit for homeless men operated by the New York City Department of Homeless Services at 400 East 30th Street, New York, New York.

4.   The Pretrial Services Office is directed to immediately alert the Court, the Government, and defense counsel of any violation of the above conditions, without need for a formal violation petition. The defendant is hereby notified that

3

violation of the conditions of release will likely result in revocation of this temporary release.

5.   Defense counsel is directed to submit a status update letter to the Court once a week after consultation with the Government, informing the Court as to the defendant's status and health.   If defense counsel identifies other living arrangements for the defendant, for example, with the defendant's daughters or other family members, defense counsel must notify the Court of that fact in its weekly status update letter to the Court.

6.   This Order is subject to modification or revocation by the Court at any time. The Court intends to terminate the defendant's temporary release and return the defendant to pretrial detention as soon as the Court concludes that the defendant no longer faces the acute health risk posed by the current circumstances.

7.   This Order is without prejudice to any future application by either party seeking to amend it.

SO ORDERED.

Dated: New York, New York
      March 30, 2020

Victor Marrero
U.S.D.J.

4